UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION



FILED
MAR 23 1999
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
MAR 23 1999

| | | |
|---|---|---|
| LLOYD K. SIVLEY, | ] | |
| Plaintiff, | ] | |
| vs. | ] | CV 98-N-2461-NE |
| MORGAN COUNTY, et al., | ] | |
| Defendants. | ] | |

## MEMORANDUM OF OPINION

In this action, the plaintiff, Lloyd K. Sivley, seeks redress pursuant to 42 U.S.C. § 1983 for violation of his rights under the Constitution of the United States. Specifically, Sivley claims that he was denied rights guaranteed by the Fourteenth Amendment and other amendments to the U.S. Constitution when he was placed in a cell in the County Jail in Morgan County, Alabama, by the defendants and subsequently bombarded with feces and urine thrown by inmates in adjoining cells. Plaintiff also asserts a claim of assault and battery under Alabama law. The defendants in this case are Deputy Sheriff Tommy Scott and Deputy Sheriff Dale Free.[1] They are sued in their individual capacities.

The matter is presently before the court on a motion to dismiss filed by the defendants on November 13, 1998. The motion has been fully briefed and is presently under submission.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the claimant can prove no set of facts that would entitle her to relief. *Conley*

---

[1] Although named in the complaint, Morgan County is not a proper defendant to this action. *Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998). Plaintiffs have agreed that the county should be dismissed from the case. *See Plaintiff's Response to Motion to Dismiss.*



*v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); *Draughton v. City of Oldsmar*, 767 F. Supp. 1144, 1145 (M.D. Fla. 1991). The court, when ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, is required to view the complaint in a light most favorable to the non-movant. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974).

In his complaint, the factual circumstances alleged by Sivley are as follows: On or about October 3, 1996, Sivley was arrested and incarcerated in the Morgan County Jail. *Complaint* at ¶ 4. He was told by defendant Dale Free and defendant Tommy Scott to gather his bed clothes because he was moving from the drunk tank, where he had spent the previous night, to a one-man cell on the third floor. *Id.* at ¶ 5. When the plaintiff entered the new cell, he noticed human excrement all over the floor. *Id.* at ¶ 6. While he was making his bed, the inmates on both sides of his cell started throwing urine and feces at one another or at the plaintiff, resulting in his being covered with excrement and urine. *Id.* at ¶¶ 6, 7. At the time, plaintiff had eight stitches over his right eye; the incident, according to Sivley, "placed his health at risk by exposing his wound to human excrement." *Id.* at ¶ 10. According to the plaintiff, just prior to the incident defendant Scott was standing outside the cell with a "knowing smile," and during the incident he did nothing to stop it. *Id.* at ¶ 8. The plaintiff claims that on the trip up from the drunk tank to the cell the two defendants were laughing and whispering to one another. *Id.* at ¶ 9. After the incident, the defendants took the defendant back to the drunk tank and allowed him to take a shower. *Id.* at ¶¶ 11, 12.

As the basis for their motion to dismiss, the defendants claim that they are entitled to qualified immunity from personal liability. The doctrine of qualified immunity represents a balance

2

between the need for a damages remedy to protect the rights of citizens and the need for government officials to be able to carry out their discretionary functions without fear of constant baseless litigation. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998). The doctrine embodies an "objective reasonableness" standard, giving a government agent the benefit of the doubt unless his actions were so obviously illegal in the light of then-existing law that only an official who was incompetent or who knowingly was violating the law would have committed them. *Id.* Qualified immunity thus represents the rule, rather than the exception. *Id.* "Because qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A & M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994).

The genesis of the objective standard is *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Because inquires into the subjective intent of governmental officials could be particularly disruptive of effective government, the Court held that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Id.* at 817-18. With respect to § 1983 claims for U.S. constitutional violations, governmental officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. For a right to be "clearly established," previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

The court must determine whether Sivley has stated a valid claim—that is, whether he has

3

alleged on the face of his complaint that the defendants deprived him of a right guaranteed by the Constitution or federal law. The plaintiff alleges that the defendant Scott had no lawful reason for placing him in the cell, but he did so in hopes that the two inmates would assault the plaintiff. *Id.* at ¶ 13. The plaintiff further alleges that defendant Free agreed and conspired with defendant Scott to have him moved from the drunk tank to the one-man cell and to deprive him of his civil rights. *Id.* at ¶¶ 14, 16. In essence, Sivley claims that "acting under color of state law within the meaning prescribed by 42 U.S.C. § 1983, [the defendants] caused plaintiff to be assaulted with human excrement by two inmates in an effort to punish plaintiff . . . thereby depriv[ing] plaintiff of his rights[2] under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983." *Id.* at ¶ 15.

The defendants rely heavily on *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In that decision, the Supreme Court reaffirmed its holding that the "deliberate indifference" of prison officials to a substantial risk of serious harm to an inmate may violate the Eighth Amendment to the U.S. Constitution.[3] Although prison officials have a duty to protect prisoners form violence at the hands of other prisoners, "deliberate indifference" on the part of prison officials requires more than ordinary lack of due care for a prisoner's interests or safety. *Id.* at 833, 835-36. The *Farmer* court concluded that "prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of

---

[2] The plaintiff specifically claims that the defendants violated his "right to be free from unnecessary force and to not be subjected to pretrial punishment." *Complaint* at ¶ 15.

[3] Although the protections of the Eighth Amendment extend only to convicted prisoners, claims made by pretrial detainees under the Due Process Clause of the Fourteenth Amendment are subject to the same analysis. *See Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996).

4

and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. In the present case, the defendants argue that Sivley has not demonstrated that they acted with "deliberate indifference" to a substantial risk of harm to the plaintiff.

The court need not and will not decide whether the defendants' actions clearly fell within the conduct prohibited by *Farmer* because it finds that the facts of this case are directly within the holding of *McMillian v. Johnson*, 88 F.3d 1554 (11th Cir. 1996).[4] In *McMillian*, the plaintiff was placed on death row as a form of punishment for not cooperating with police. *Id.* at 1558-59. The Eleventh Circuit held that the defendants' discriminatory intent to punish violated the plaintiff's right to due process: "Due process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime. . . . An express purpose to punish establishes unconstitutional pretrial punishment." *Id.* at 1564-65.

In *McMillian*, the law at the time of the illegal incident made clear that a pretrial detainee could not be punished. In holding that the law was sufficiently established to prohibit the conduct at issue, the Eleventh Circuit noted that "for the law to be clearly established, a court need not have found the very action in question unlawful; what is essential is that the action's unlawfulness be apparent in light of pre-existing law." *Id.* at 1565 (citing *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994)). Relying on *Jordan*, the court stated that "we do not view the absence of a case factually similar to the extraordinary allegations in this case as an indication that the law was not clearly

---

[4]*See also Ratliff v. DeKalb County, Georgia*, 62 F.3d 338 (11th Cir. 1995) (stating that the court could consider subjective discriminatory intent when intent is an essential part of the alleged constitutional tort).

5

established that confining a pretrial detainee on death row to punish him is unconstitutional." *Id.* The court proceeded to hold that the case law establishing the illegality of pretrial punishment was sufficient to reject the claim of qualified immunity. *Id.*

The plaintiff has stated sufficient facts on the face of his complaint to allow the court to infer, for the purposes of a motion to dismiss, that the intent of the defendants was to punish Mr. Sivley for the crime he allegedly committed. "[I]ntent or motivation may not be ignored when intent or motivation is an essential element of the underlying constitutional violation." *McMillian*, 88 F.3d at 1566 (citing *Edwards v. Wallace Community College*, 49 F.3rd 1517, 1524 (11th Cir. 1995)).[5] Although the degree of punishment required under *McMillian* is unclear, it is clear to the court that the conduct at issue in this case falls within that proscribed by the Eleventh Circuit in *McMillian*. Because pretrial activities intended to punish may constitute a violation of the plaintiff's due process rights, a proposition that was "clearly established" at the time of the events involved in this case, the court has no choice but to reject the defendants' claim of qualified immunity at this stage in the proceedings.

The plaintiff has also asserted claims against defendants Scott and Free for assault and battery. In response, the defendants assert that they are to receive sovereign immunity under § 14 of the Alabama Constitution, even when they are being sued as individuals and for malicious intentional wrongdoing. The case of *McMillian v. Johnson*, 101 F.3d 1363 (11th Cir. 1996) makes

---

[5] Every other circuit that has encountered intent as part of a constitutional tort has reached a decision consistent with that of the Eleventh Circuit. *Accord Tompkins v. Vickers*, 26 F.3d 603, 607 (5th cir. 1994); *Branch v. Tunnell*, 937 f.2d 1382, 1385-86 (9th cir. 1991); *Auriemma v. Rice* 910 F.2d 1449, 1453 (7th Cir. 1990); *Siegert v. Gilley*, 895 F.2d 797, 801-802 (D.C. Cir. 1990); *Poe v. Haydon*, 853 F.2d 418, 431 (6th Cir. 1988); *Turner v. Dammon*, 848 F.2d 440, 445 n.3 (4th Cir. 1988); *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 648 (10th Cir. 1988); *Musso v. Hourigan*, 836 F.2d 736, 743 (2nd Cir. 1988).

6

the position of the Eleventh Circuit extremely clear on the issue of sovereign immunity in the instant case's context. The court held that "under Alabama law a sheriff and deputy sheriff are shielded by sovereign immunity against claims based on intentional torts." *McMillian*, 101 F.3d at 1365 (citing *Tinney v. Shores*, 77 F.3d 378 (11th Cir. 1996)). The court proceeded to state that "the holding of [*Tinney*] is clear: under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity." *Id.* Plaintiff's state law claim is therefore due to be dismissed.

Accordingly, this court finds that the plaintiff has stated on the face of his complaint a valid claim that his due process rights to be free from pretrial punishment were infringed by the defendants' conduct. There also has been an insufficient showing by the defendants that the plaintiff cannot prove any set of facts that would entitle him to relief. *See Conley*, 355 U.S. at 45-46. Defendants' motion to dismiss, filed November 13, 1998, will be granted as to Morgan County and denied as to the individual defendants. The state law claim against the individual defendants will be dismissed on sovereign immunity grounds. A separate order consistent with this opinion will be entered.

Done, this 23rd of March, 1999.

_____
EDWIN NELSON
UNITED STATES DISTRICT JUDGE



# Proof of Service Report

| Case Number | Served Party | Served Attorney | Status | Serve Method | Date Served | Authorize Date |
|---|---|---|---|---|---|---|
| 5:98-cv-2461 | Free, Dale | Royer, George | Sent | Internet | 03/23/1999 13:02:11 EST | 03/23/1999 12:50:41 EST |
| | Morgan County | Royer, George | Sent | Internet | 03/23/1999 13:02:11 EST | 03/23/1999 12:50:41 EST |
| | Scott, Tommy | Royer, George | Sent | Internet | 03/23/1999 13:02:11 EST | 03/23/1999 12:50:41 EST |
| | Sivley, Lloyd K | Sherrod, Henry | Sent | Fax | 03/23/1999 13:02:11 EST | 03/23/1999 12:50:41 EST |